IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARK W. NEWSOME,

    Petitioner,

v.                                                  CASE NO. 5:12-cv-42-MP-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 1, Petitioner's *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (herereafter "Petition") . The Petition stems from Petitioner's Gulf County *nolo contendere* plea and convictions of five counts of lewd and lascivious molestation of a victim less than 12 years of age, for which Petitioner is serving a 30-year sentence. Respondent filed a response and an appendix with relevant portions of the state-court record, and Petitioner filed a reply. Docs. 19, 21. Upon due consideration of the Petition, the Response, the Reply, and the state-court record, the undersigned recommends that the Petition be denied.[1]

## State-Court Proceedings

Petitioner's claims in this case concern his trial counsel's performance in connection with speedy-trial motions filed by counsel. The relevant portions of the record are summarized in the response, and Petitioner does not dispute the accuracy of

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

that summary. On April 27, 2005, a criminal complaint affidavit was executed alleging that Petitioner' molested his stepdaughter. App. Exh. B. The affidavit reflects that Petitioner was confined in the Bay County Jail on unrelated charges. Petitioner was interviewed by officers and gave a sworn statement admitting to the conduct alleged in the complaint. *Id*

Petitioner was arrested pursuant to a warrant on December 9, 2005, and a criminal information was filed on December 30, 2005, charging him with one count of lewd and lascivious molestation. App. Exh. D, F. Petitioner was arraigned on January 3, 2006. App. Exh. G.

On August 4, 2006, counsel filed a notice of expiration of speedy trial and motion for discharge pursuant to Florida's speedy trial rule, Fla. R. Crim. P. 3.191.[2] App. Exh. H. On August 7, 2006, the trial court concluded that speedy trial had not expired and denied relief. *Id*. Voir dire commenced and a jury was selected but not sworn. App. Exh. I. On August 10, 2006, the State announced it was not prepared to go to trial because a material witness, the victim, (then a resident of the State of Georgia) had not appeared despite being subpoenaed. App. Exh. J. The court granted a continuance and discharged the jury. *Id.*

On September 15, 2006, counsel filed an amended notice of expiration of speedy trial and motion for discharge, contending that the Information had not been

---

[2] In Florida, a defendant charged with a felony should be brought to trial within 175 days of arrest. Fla. R. Crim. P. 3.191(a). However, the rule is not self-executing; after the 175-day speedy trial period has expired, the defendant must file a Notice of Expiration of Speedy Trial to trigger the provisions of the rule. The defendant is then entitled to trial within a 15-day recapture period. Fla. R. Crim. P. 3.191(g), (p).

filed until after expiration of time under Florida's speedy trial rule.  App. Exh. K.   The court denied the motion on September 19, 2006.  App. Exh. L.

On September 25, 2006, when *voir dire* was to commence, the State again announced that the victim had not appeared despite being subpoenaed.  App. Exh. M.  The State explained its efforts to secure the witness' appearance and moved for a continuance to pursue extradition of the witness.  *Id*.  The Court granted the motion.  *Id.*  On October 10, 2006, the court granted the State's motion to compel attendance of the witness.  App. Exh. N.

On November 14, 2006, the State filed a five-count Amended Information charging Petitioner with five counts of lewd and lascivious molestation.  App. Exh. O.  At the commencement of trial, Petitioner's counsel filed a second amended notice of expiration of speedy trial and motion for discharge contending that the amended information had not been filed until after expiration of the speedy trial period.  App. Exh. P.  The court did not rule on the motion, but again granted a continuance based on the State's ongoing efforts to secure the victim's attendance.  App. Exh. Q.

On January 8, 2007, Petitioner filed a motion for continuance citing the need to investigate documentation in support of his motion for discharge.  App. Exh. R.  On January 26, 2007, counsel filed a third amended speedy trial notice and motion for discharge, again contending that the Amended Information had not been filed within the speedy trial period.  App. Exh. T.  The court denied the motion, finding that Petitioner had not been arrested on April 27, 2005 (as Petitioner argued) but was arrested in December 2005 upon service of the arrest warrant.  App. Exh. V.

On February 7, 2007, Petitioner executed a plea, waiver, and consent form, reserving his right to appeal the trial court's rulings on his speedy trial motions. App. Exh. W. Petitioner was sentenced to concurrent 30-year terms on February 27, 2007. App. Exh. Y. The First DCA affirmed *per curiam* without opinion on July 16, 2008. App. Exh. FF.

Petitioner filed a motion pursuant to Fla. R. Crim. P. 3.850 alleging three claims of ineffective assistance of counsel in connection with counsel's handling of the speedy trial motions and motions for discharge. App. Exh. GG. Following an evidentiary hearing, the court denied the motion on the merits, finding that Petitioner had failed to establish either error by counsel or prejudice pursuant to *Strickland*. App. Exh. MM. Petitioner appealed the denial of his second and third ineffective-assistance claims; the First DCA affirmed *per curiam* without opinion. App. Exh. QQ.

The instant Petition, which Respondent concedes is timely, follows. Petitioner asserts two claims: (1) counsel performed deficiently by failing to authenticate documents (booking, photograph, and fingerprint sheets) to support the motion for discharge which would have shown that the Gulf County arrest warrant was served in April 2005 while Petitioner was confined in the Bay County Jail; and (2) counsel failed to prepare records available at the Bay County Clerk's Office (a first appearance form and transcript from October 26, 2005, appearance reflecting that court's concern that Gulf County had not acted on the arrest, and setting bond) that also would have supported his claim that he was arrested in April 2005.

## Section 2254 Standard of Review for Ineffective Assistance Claims

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) imposes limitations on the scope of this Court's review.  Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'"  *Burt v. Titlow*, ___ U.S. ___,  2013 WL 5904117, *4 (2013)(quoting  *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841(2010)).

  As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1); *see Burt*, 2013 WL 5904117, *4 (standard for reviewing claims of legal error by state courts is "highly deferential").   This standard "recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights."  *Id*.  This highly deferential standard carries special force in habeas cases asserting ineffective assistance claims: "Especially where a case involves such a common claim

as ineffective assistance of counsel under *Strickland*[3]—a claim state courts have now adjudicated in countless criminal cases for nearly 30 years—'there is no intrinsic reason why the fact that a man is a federal judge should make him more competent, or conscientious, or learned . . . than his neighbor in the state courthouse.'" *Id*. (quoting *Stone v. Powell*, 428 U.S. 465, 494, n. 35, 96 S.Ct. 3037 (1976).

In view of the deference afforded to the state courts' adjudication of constitutional claims, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Id*. (quoting *Harrington v. Richter*, 562 U.S. ___, 131 S.Ct. 770, 786–787 (2011). "'If this standard is difficult to meet'—and it is—'that is because it was meant to be.'" *Id*. (quoting *Harrington*, 131 S.Ct. at 786). "We will not lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Id*. (quoting *Harrington*, 131 S.Ct. at 786).

## Discussion

Petitioner's two claims are sufficiently intertwined that they may be addressed together. Petitioner was represented by appointed counsel at the evidentiary hearing

---

[3]*Strickland v. Washington*, 466 U.S. 668, 686 (1984) (holding that to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. A court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong).

on his Rule 3.850 motion. Petitioner testified that on April 27, 2005, while he was confined in the Bay County Jail, he was taken to the booking room and handed a warrant from Gulf County. Petitioner had met with Gulf County officers the previous day regarding the molestation charges and "let them know what happened." On the day that he was handed the warrant, he was fingerprinted by Bay County Officer Frambro, signed some forms, and returned to his cell. App. Exh. KK at 550.

Petitioner testified that he appeared before Bay County Judge Albritton via videoconference for a first appearance on the Gulf County charges on October 26, 2005. The first appearance form and bond signed by Judge Albritton on that date states that Petitioner was "arrested on 04-27-05." App. Exh. KK at 506. As further support for his postconviction claims, Petitioner submitted a copy of his NCIC report which reflects an arrest date of April 27, 2005, for the Gulf County molestation charges. *Id*. at 513. Petitioner contended that if these documents had been properly authenticated and presented by his trial counsel, then his motion for discharge on speedy trial grounds would have been granted. *Id*. at 554-57.

On cross-examination, Petitioner admitted that on multiple occasions his trial counsel had filed motions arguing that Petitioner was entitled to discharge because he had been arrested in April 2005 and the information was filed beyond the State's 175-day speedy trial period. *Id*. at 557-58. Petitioner further admitted that counsel had presented the first appearance form to the court in connection with her motions, but the copy presented did not bear Judge Albritton's signature. *Id*. Petitioner conceded that the State never disputed the authenticity of the first appearance form offered by

counsel. *Id*. Petitioner admitted that his trial counsel also offered as evidence a detainer sheet signed by Officer Hall, and counsel argued to the trial court that the detainer sheet reflected an arrest date of April 27, 2005. *Id*. at 560-61.

Leslie Frambro, a former Bay County Jail booking officer, testified that she recalled Petitioner being arrested in Bay County the week prior to April 27, 2005, and then a Gulf County charge was added. *Id*. at 564. On cross-examination, Frambro testified that she processes paperwork but does not arrest defendants. If a defendant incurs an additional charge, she re-fingerprints the defendant for the county that wants the fingerprints. Frambro could not say whether Petitioner was arrested or detained in April 2005. *Id*. at 564-65. She acknowledged that Petitioner's Bay booking sheet reflects an "added charge" for the Gulf County warrant and that Petitioner was arrested on April 27, 2005 and released to the Gulf County Sheriff's Office for transport on December 9, 2005. *Id*. at 521, 568.

The postconviction court had granted Petitioner's motion to allow the Gulf County arresting officer, Officer Hall, to testify telephonically at the evidentiary hearing, but Officer Hall did not testify.

Petitioner's trial counsel, Janice Scheffer, testified in opposition to Petitioner's postconviction motion. Ms. Scheffer testified that she filed a total of four speedy trial motions with attached documents, including the Gulf County warrant, the detainer, the Bay County first appearance sheet, and Petitioner's booking sheets. Counsel testified that she submitted the documents that Petitioner offered into evidence at the evidentiary hearing (first appearance form and Bay County booking sheet) in support of

her motions. *Id*. at 570-71. Ms. Scheffer testified that the State did not object to the sufficiency of the documents, nor did the trial court question their authenticity. Ms. Scheffer testified that "[m]y feeling was that the judge just didn't agree with me." *Id*. at 571-72. Ms. Scheffer did not call Frambro to testify at the motion hearings. *Id*. at 573.

The postconviction court referred to a transcript from one of the speedy trial motion hearings. The transcript reflected that the State argued to the trial court during a motion hearing that the Gulf County arrest warrant was not served on Petitioner until December 9, 2005. *Id*. at 580. Ms. Scheffer argued that the arrest took place in April 2005. *Id*. at 581. Petitioner's postconviction counsel argued that if Officer Frambro had been called to testify before the trial court there would have been no dispute that Petitioner was arrested in April 2005. *Id*. Postconviction counsel argued that Ms. Scheffer performed deficiently by failing to call Frambro to testify. *Id*. at 582. The Assistant State Attorney argued that Frambro testified at the evidentiary hearing that all she did was "process paperwork" and she could not testify as to when Petitioner was arrested or detained. *Id*. at 583. The State argued that therefore Frambro's testimony would not have made any difference to the trial court who decide the issue adversely to Petitioner. *Id*. at 584.

After considering the testimony and the evidence submitted by Petitioner, the state postconviction court denied relief. App. Exh. MM. The court explained as follows:

> In his Rule 3.850 motion, the Defendant claims his counsel was ineffective for failing to investigate and call arresting Officer Hall and booking Officer Frambro to establish that he was arrested on April 27, 2005. He further claims that his counsel was ineffective for failing to obtain records and a transcript of his first appearance before Judge

Albritton on October 26, 2005, because that would have shown Judge Albritton's concern that no action had been taken on the arrest, and because the records were not authenticated. . . .

The Defendant, booking Officer Frambro and the Defendant's trial counsel, Janice Scheffer, were called to testify at the evidentiary hearing. The Defendant testified that he was arrested on the Gulf County warrant while he was in the Bay County Jail on separate charges on April 27, 2005. In support, he submitted the criminal arrest data sheet, which was submitted to this Court at previous hearings on the speedy trial issue, and addressed in the Defendant's unsuccessful appeal. He also submitted a first appearance sheet dated October 26, 2005, which reflected Judge Albritton's signature but was otherwise the same document previously considered by this Court and found to be unpersuasive. Counsel conceded that the authenticity of the documents submitted by the Defendant's trial counsel was never contested by the State. The Defendant submitted a printed FDLE report listing his arrests and including an arrest dated April 27, 2005, and a Bay County Sheriff's Office booking report, but did not submit any testimony to assist the Court in interpreting these reports, other than his own. Officer Frambro testified that she completed the booking sheet at the Bay County Jail in April of 2005 and she processed paperwork only and fingerprinted the Defendant. She did not work for the warrants division, and although she thought he was arrested, she could not really say whether he was arrested or detained on the Gulf County charge on April 27, 2005. Ms. Scheffer testified that she did not contact Officer Frambro or call her as a witness, but stated that the Court had the documentary evidence showing the Defendant was arrested on April 27, 2005, and she argued that to the Court. Appointed counsel for the Defendant filed a motion to allow arresting Officer Hall to testify telephonically, but Officer Hall did not testify at the evidentiary hearing.

The issue of when the Defendant was arrested on the warrant in this Gulf County case has been litigated extensively. **This Court has ruled on at least three occasions that, based on the evidence before the Court, the Defendant was arrested on December 9, 2005, and the speedy trial time did not expire**. The Defendant unsuccessfully appealed this Court's finding that he was arrested on April 27, 2005. **He has not presented any evidence or testimony which establishes that his trial counsel was ineffective for failing to investigate or present evidence on the issue of his arrest date. The only materials not previously considered by this Court and the appellate court are the paperwork from the FDLE and the Bay County Sheriff's Office, which**

> **were not clear and did not refute this Court's previous finding, and
> the testimony of Officer Frambro, who could not say whether he was
> arrested or had a detainer lodged against him on April 27, 2005,
> because she only completed the paperwork.** Officer Hall did not
> testify.
>
> The benchmark for judging any claim of ineffective assistance of counsel must be whether counsel's conduct so undermined the proper functioning of the adversarial process that a just result was not produced. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction requires that the defendant show, first, that counsel's performance was deficient, and second, that the deficient performance prejudiced him to the extent that he was deprived of a fair judicial proceeding. The proper standard for judging attorney performance is that of reasonable effective assistance, considering all the circumstances. A defendant must show that counsel's representation fell below an objective standard of reasonableness. With regard to the required showing of prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668; 104 S.Ct. 2052 (1984); *Downs v. State*, 453 So.2d 1102 (Fla. 1984). **Applying these standards to the instant case, the Defendant has failed to establish error or prejudice in support of the three grounds raised in his Rule 3.850 motion for post conviction relief. He has failed to establish that defense counsel's performance was deficient, or that he was prejudiced by counsel's performance**. Accordingly, his motion is properly denied.

App. Exh. MM (emphasis added).

On this record, the Court concludes that Petitioner has failed to show that the state court's rejection of his ineffective-assistance claims was contrary to, or an unreasonable application of, *Strickland*. As the state court found after carefully considering the testimonial and documentary evidence, the record plainly reflects that counsel vigorously asserted Petitioner's state speedy trial rights on multiple occasions, but the state trial court found as a matter of fact and law that Petitioner was not arrested on the Gulf County charge until December 9, 2005, and his prosecution did not run

afoul of the state rule. The state court determined that counsel did not render deficient performance by not presenting the testimony or the additional documents urged by Petitioner because such evidence did not clearly support Petitioner's position and would not have refuted the trial court's ruling. This determination is well-supported in the record and is reasonable. *See id*.

In his reply, Petitioner argues that "even with the required AEDPA deference to the state court's factual finding that Petitioner was arrested on the charges in this case on December 9, 2005 . . . the state was barred under Florida law from prosecuting the Petitioner on the [November 14, 2006 Amended Information] which was filed beyond 175 days from arrest[.]" Doc. 21 at 4. To the extent that Petitioner seeks to assert a violation of Florida's speedy trial rules in this case, apart from his ineffective-assistance claim, "that type of claim is not cognizable on federal habeas review because it only involves state procedural rules rather than errors of federal constitutional dimension." *Sneed v. Fla. Dept. of Corr.,* 496 Fed.Appx. 20, 25, 2012 WL 5417103, *4 (11th Cir. 2012).[4]

Petitioner concedes that he did not argue in the state postconviction court that his counsel performed deficiently for failing to challenge the Amended Information as being filed outside of the state's 175-day speedy trial rule, as measured from a December 9, 2005, arrest date. Doc. 21 at 5. This claim is therefore unexhausted and, because Petitioner is now time-barred from presenting the claim in state court, it is

---

[4] Even liberally construed, Petitioner in this case has not asserted that his counsel failed to protect his *federal* speedy trial rights under the Sixth Amendment.

procedurally defaulted. Petitioner contends that such procedural default cannot be held against him because his postconviction counsel rendered ineffective assistance by failing to raise the issue. *Id*. at 5-6 (citing *Martinez v. Ryan*, ___U.S. ___, 132 S.Ct. 1309 (2012)).

In *Martinez*, the Supreme Court considered whether ineffective assistance of counsel at an "initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding." *Martinez*, 132 S.Ct. 1315. In appropriate circumstances, *Martinez* provides prisoners cause for overcoming procedural default of an ineffective-assistance claim so long as certain narrow conditions are met. *See Trevino v. Thaler*, ___ U.S. ___, 133 S.Ct. 1911, 1918 (2013) (to overcome procedural default, petitioner must have substantial claim of ineffective assistance of trial counsel; be unrepresented or represented by ineffective counsel during state collateral review that is the initial review regarding that claim; and state law requires that an ineffective assistance claim be raised in an initial-review collateral proceeding).

Petitioner cannot show that he has a substantial claim of ineffective assistance of trial counsel with respect to the Amended Information. By entering a voluntary plea, a defendant waives several rights, including the right to a jury trial, to the assistance of counsel at trial, to raise a defense, and to confront his accusers. *Boykin v. Alabama*, 395 U.S. 563, 573 (1989). A voluntary and intelligent guilty plea forecloses federal collateral review of alleged constitutional errors preceding the entry of the plea, including claims of ineffective-assistance that do not attack the voluntariness of the

plea. *See Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). A plea of nolo contendre is recognized as the equivalent of a guilty plea in Florida. *See* Fla. R. App. P. 9.140(b)(2).

In the guilty plea context, to show prejudice under *Strickland* Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The requirement of a showing of prejudice in the guilty-plea context serves "the fundamental interest in the finality of guilty pleas." *Id*. at 58. The inquiry as to whether a reasonable probability exists that a defendant would have insisted on going to trial "should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 60 (quoting *Evans v. Meyer*, 742 F.2d 371, 375 (7th Cir. 1984)).

Petitioner's plea agreement specifically reserved his right to challenge the trial court's denial of counsel's pre-trial motions, in which counsel contended that Petitioner had been arrested in April 2005. App. Exh. W. During Petitioner's plea colloquy, Petitioner affirmed under oath that he was facing a total sentence of 150 years (30 years for each count charged in the Amended Information), that he fully understood the five counts with which he was charged, and that he fully understood the consequences of his plea. *See* App. Exh. X. Such solemn declarations in open court carry a strong presumption of verity and the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the

face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).  The trial court ensured that Petitioner's plea was voluntary, knowing, and informed, and that Petitioner understood he was waiving any right to appeal any issue except the issues raised in counsel's pretrial speedy trial motions.   Any other challenge to the validity or timeliness of the Amended Information as measured by a December 9, 2005, arrest date, including any claim that counsel was ineffective in that regard, was waived by Petitioner's knowing and voluntary guilty plea.   *See* App. Exh. X, Y.

Petitioner makes a self-serving assertion that but for counsel's failure to challenge the timeliness of the Amended Information, he would not have pleaded guilty.  Other than his self-serving statement, Petitioner points to nothing in the record that would support a finding that he would not have entered a plea but for counsel's alleged failure to challenge the timeliness of the Amended Information.  On this record, the undersigned concludes that Petitioner cannot establish the existence of a substantial claim of ineffective assistance sufficient to overcome the procedural default.  *See Trevino,* 133 S.Ct. 1911, 1918.

For the foregoing reasons, the undersigned concludes that the Petition should be denied.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be

filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

That the petition for writ of habeas corpus (Doc. 1) should be **DENIED** and that a certificate of appealability should be **DENIED.**

IN CHAMBERS  this 27$^{8h}$ day of January 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.