# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

MARK W NEWSOME,

    Petitioner,

v.                                         CASE NO. 5:12-cv-00042-MP-GRJ

SECRETARY DEPARTMENT OF CORRECTIONS,

    Respondent.

_____/

## O R D E R

This matter is before the Court on Doc. 22, the Report and Recommendations of the Magistrate Judge, recommending that petitioner's § 2254 petition be denied. The petitioner filed objections, Doc. 25, which the Court has reviewed. For the reasons which follow, the Report and Recommendation is accepted, and the § 2254 petition denied.

The petitioner filed a two-issue § 2254 petition arguing that his trial counsel was ineffective for failing to obtain a discharge under Florida's speedy trial rule, Fla. R. Crim. P. 3.191. The basis for the discharge, according to petitioner's initial filings, was that the State wrongfully failed to realize that he had been arrested in April of 2005, and not in December of 2005, as the state court thought. If he had truly been arrested in April, he would be right; the 175 days allowed under the Florida speedy trial rule would have run by the time his trial was set (in May of 2006). If he was arrested in December, the May trial date would be within the 175 days.

The confusion stems from the fact that, in April of 2005, petitioner was in the Bay County jail being held on certain charges not related to the instant § 2254 petition. On April 27, 2005, investigators from Gulf County came to the Bay County jail and interviewed petitioner on

different charges originating out of Gulf County -- the ones involved in the instant petition. After the investigation, the officers obtained an arrest warrant for the Gulf County charges. The warrant was dated April 27, 2005, but also showed that it was not served until December 9, 2005.

The investigators did not arrest him on the Gulf County charges at that time, however. Instead, as proven in three different state evidentiary hearings, the officers merely requested a detainer on him. Records showed, and state courts have ruled three separate times, that petitioner was arrested on December 9, 2005, after he was released from the Bay County jail. Upon review, the undersigned agrees with the Magistrate Judge that the state courts factual finding that he was arrested in December of 2005 was not unreasonable.

That would be the end of the case except that petitioner raised a new argument in Doc. 21, his reply to the respondent's response. He notes that, after the continuances of the May, July, August and September trial dates, the State amended the Information against him from one count alleging an extended period of molesting his stepdaughter to five counts, each alleging a separate period of molestation. The Amended Information was filed in November of 2006, which is obviously more than 175 days after his December, 2005, arrest. Petitioner then cites various Florida cases that hold that the State cannot avoid a speedy trial violation merely by amending the charging document once the speedy trial period has expired.

In addition to the Magistrate Judge's concerns about whether this claim has been defaulted, the cases petitioner cites do not apply in this situation because all of the continuances -- from May (which was within the 175 days) to the eventual no contest plea -- tolled the running of the speedy trial clock. That is, Fla. R. Crim. P. 3.191(i) allows the speedy trial clock to be tolled by stipulation or because of exceptional circumstances described in Rule 3.191(*l*),

including the "unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial." The state court found that the victim was such a uniquely necessary witness and continued the trial to allow the state to continue to attempt to get her family to allow her to come to the proceeding from Georgia. Upon review, the undersigned finds that the state court did not act unreasonably in so ruling.

Thus, for these reasons, in addition to the reasons given in the Report and Recommendation, the petitioner is not entitled to relief under § 2254. Accordingly, it is hereby

**ORDERED AND ADJUDGED**:

1. The Report and Recommendation of the Magistrate Judge is accepted and incorporated herein.

2. The petition under 28 U.S.C. § 2254 is denied, and no certificate of appealability is appropriate in this case.

**DONE AND ORDERED** this   *18th* day of March, 2015

        *s/Maurice M. Paul*
        Maurice M. Paul, Senior District Judge